ADEE et al. v. ADEE et al.

In re LA FETRA et al.

(Supreme Court, Appellate Division, Second Department. November 23, 1900.)

1. ATTORNEY AND CLIENT—LIEN.

Attorneys performed certain services in an action in the surrogate's court, in which they asked that certain land in which their client had an interest be partitioned, and the proceeds distributed. Such estate was afterwards sold, but the client had mortgaged her interest therein pending such suit, and the proceeds were deposited pending an action in the supreme court by the client to set aside such mortgage as fraudulent. *Held*, that the attorneys acquired no lien on the fund as against the mortgagee.

2. SAME—STATUTORY LIEN—CONSTRUCTION OF STATUTE.

Code Civ. Proc. § 66, authorizing an attorney's lien on a client's cause of action or counterclaim, does not give an attorney a lien on the client's interest in an estate concerning which the attorney is employed, since such claim is not a cause of action or a counterclaim.

3. SAME—STATUTORY LIEN—CONSTRUCTION OF STATUTE—AMENDMENT.

Laws 1899, c. 61, amending Code Civ. Proc. § 66, by the insertion of the word "claim" in the latter section, thus authorizing an attorney's lien on any claim of the client, as well as on his cause of action or counterclaim, as authorized before the amendment, does not give an attorney a lien on the client's interest in an estate concerning which the attorney was employed before the statute was amended.

Appeal from special term.

Suit by Philip H. Adee and another, as executors of James T. Adee, deceased, against Titus K. Adee and others. From an order denying an attorney's fee to Edward B. La Fetra and George W. Glaze, they appeal. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

Stillman F. Kneeland, for appellants.

Frank B. Colton, for respondents.

HIRSCHBERG, J. The petitioners are the attorneys for Ella L. Millard, one of the defendants in an action brought for the purpose of obtaining a judicial construction of a will, an accounting by the executors, a distribution of the estate of the decedent, and such other relief as might be proper. They served an answer in her behalf in which they joined in the prayer of the complaint, and asked for a partition of the real estate and distribution of the proceeds among those entitled. The real estate was afterwards sold pursuant to a judgment prior to September 1, 1899, and the share of Mrs. Millard amounts to $2,175.13. This share is subject to a lien in favor of one George F. Peck, by virtue of a mortgage executed shortly after the commencement of the action by Mrs. Millard, for the sum of $5,000. An action has been brought by her to set aside the mortgage, and an order has been procured by her directing the payment of her share to the treasurer of Westchester county pending its determination, but the summons has not yet been served on Peck. The petitioners received their costs in the suit for the construction of the will, etc., amounting to $354.91, and also an extra allowance

of $2,000. They claim, however, that their services to Mrs. Millard in that action and in certain proceedings in the surrogate's court were reasonably worth the sum of $5,000 in addition to the taxed costs and disbursements, and that they have an attorney's lien upon the proceeds of her share for the payment of the balance, viz. $3,000, so far as it will go in that direction. They applied to the supreme court, at special term, for an order determining their lien and directing payment of the fund to them, in which proceedings Peck was made a party, and this appeal is taken from an order denying their application.

The order was clearly proper. Whether the petitioners have any claim upon their client for additional compensation need not be determined. There was no express agreement as to the amount of such compensation, and the sum of $2,354.91 would seem to be ample pay for appearing in the suit. Mrs. Millard's share in the property being mortgaged for more than twice its value, her pecuniary interest was necessarily very slight; and, on the papers as presented, it would seem that the net cash value of her share in the estate was reduced in proportion to her fractional interest, in consequence of the payment of the extra allowance to her attorneys. Whether the services which resulted in that reduction would justify an additional charge against her of $3,000 may well be doubted. On the facts disclosed, however, the petitioners have no lien on the fund. So far as the charge covers services in the surrogate's court, there can be no lien on the fund resulting from the action in the supreme court, as against Mr. Peck. Nor is there any lien under section 66 of the Code of Civil Procedure. The amendment to that section effected by chapter 61 of the Laws of 1899, by which the word "claim" was inserted in the section, did not take effect until September 1, 1899. The section as amended was prospective only in its operation, and could have no effect upon a judgment previously recovered. Goodrich v. McDonald, 112 N. Y. 157, 162, 19 N. E. 649. The section at the time of the recovery of the judgment read as follows:

"From the commencement of an action or the service of an answer containing a counterclaim, the attorney who appears for a party has a lien upon his client's cause of action or counterclaim, which attaches," etc.

Mrs. Millard had neither a cause of action nor a counterclaim in the suit in question, within the meaning of section 66, and her attorneys therefore had no statutory lien upon the fund now in court. In the view taken, it is unnecessary to determine the question of priority between Mr. Peck and the petitioners, nor the propriety of litigating their rights in the premises by a summary proceeding in an action to which one of the claimants is not a party. Under the peculiar circumstances of this case, and with an action already pending to determine the rights of one of the parties interested, any discretion vested in the supreme court to remit the petitioners to a suit for the relief sought, rather than to determine the merits summarily, would be wisely exercised, and should not be disturbed upon appeal. The order must be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.